UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARRINGTON MCDONALD, | : | |
| Petitioner, | : | Civ. No. 16-2246 (RBK) |
| v. | : | |
| STATE OF NEW JERSEY ATTORNEY GENERAL, | : | **MEMORANDUM AND ORDER** |
| Respondent. | : | |

    A Petition for Writ of Habeas Corpus has been filed in the above action, pursuant to 28 U.S.C. § 2254. Petitioner has declared that this petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and has concluded that that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief …."

    Petitioner has also filed a motion to appoint pro bono counsel. He does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer,* 946 F.2d 247, 263 (3d Cir.1991), *superseded on other grounds by statute,* 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese,* the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese,* 946 F.2d at 263–64. In this case, the Court finds that the appointment of counsel is not

warranted at this time such that the request for the appointment of counsel will be denied without prejudice.

Accordingly, IT IS   2nd   day of May, 2016,

ORDERED that Petitioner's motion for the appointment of pro bono counsel (Dkt. No. 2) is denied without prejudice; and it is further

ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

ORDERED that where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996 or where it appears that petitioner is not "in custody" as defined by the applicable statute, within forty-five (45) days of the date this Order is filed, Respondent may file a Motion to Dismiss the Petition on timeliness or "in custody" grounds only, provided that the motion:  (1) attaches exhibits that evince all relevant state court filing dates and/or relevant information regarding Petitioner's "in custody" status; (2) contains legal argument discussing pertinent timeliness and/or "in custody" law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

ORDERED that if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable

tolling and any argument for why he should be considered "in custody" if applicable, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondent shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the Motion to Dismiss is subsequently denied, the Court will then direct Respondent to file a full and complete answer to all claims; and it is further

ORDERED that if Respondent does not file a Motion to Dismiss the Petition, it shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondent's answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

ORDERED that Respondent's answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law; and it is further

ORDERED that in addition to addressing the merits of each claim, Respondent shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondent's answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondent's answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondent shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or**

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondent files the answer, see Habeas Rule 5(e); it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge