**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

BARRINGTON MCDONALD,                        :
                                            :
                    Petitioner,             :          Civ. No. 16-2246 (RBK)
                                            :
        v.                                  :
                                            :
STATE OF NEW JERSEY ATTORNEY                :          **OPINION**
GENERAL,                                    :
                                            :
                    Respondent.             :
_____    :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Petitioner is a former state prisoner proceeding *pro se* with a petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2254. Presently pending before this Court is respondent's motion
to dismiss the habeas petition because petitioner is not "in custody." For the following reasons,
respondent's motion to dismiss will be granted and the habeas petition will be dismissed because
petitioner is not "in custody."

## II.      BACKGROUND

In 2007, petitioner pled guilty in state court to second-degree assault by an automobile
while driving in a school zone, driving while intoxicated and driving while suspended.
Subsequently, he sought to withdraw his guilty plea which was denied. He was ultimately
sentenced to three years imprisonment on the assault by an automobile in a school zone and
consecutive sentences of ninety and sixty days for the driving while intoxicated and driving
while suspended convictions respectively.

Petitioner appealed and the New Jersey Superior Court, Appellate Division affirmed the
judgment and sentences on his assault by an auto in school zone and driving while intoxicated

convictions. It remanded for further proceedings petitioner's conviction and sentence on the driving while suspended charge. *See State v. McDonald*, Indictment No. 07-03-0503, 2010 WL 4074505 (N.J. Sup. Ct. App. Div. Aug. 25, 2010). The New Jersey Supreme Court affirmed. *State v. McDonald*, 47 A.3d 669 (N.J. 2012).

Thereafter, petitioner filed a petition for post-conviction relief ("PCR"). That petition was denied by the New Jersey Superior Court Law Division and that denial was affirmed on appeal. *See State v. McDonald*, Indictment No. 07-03-0503, 2015 WL 4602396 (N.J. Sup. Ct. App. Div. Aug. 3, 2015). The New Jersey Supreme Court denied certification on November 25, 2015. *See State v. McDonald*, 127 A.3d 702 (N.J. 2015).

In April, 2016, this Court received petitioner's federal habeas petition. Petitioner raises several claims in his habeas petition; they are:

1. His guilty plea was not knowing, intelligent and voluntary because the trial judge erred in accepting the plea without an adequate basis regarding the 1000-foot school zone element of his charges.

2. Ineffective assistance of counsel for failing to: (1) obtain and discover a 1000-foot school zone map; (2) investigate the 1000-foot school zone distance; (3) assist petitioner at the plea hearing; and (4) failing to investigate and interview witnesses (amongst other claims).

3. Court error in failing to conduct an evidentiary hearing when there was an unresolved dispute as to what constitutes school versus church property with respect to the 1000-foot school zone.

4. Denial of right to trial by jury, compulsory process, right to call and confront witnesses on the school zone issue.

5.  The state courts erred by denying him a right to trial by jury to resolve a factual dispute as to what constitutes a 1000-foot school boundary.

Respondent argues that the habeas petition should be dismissed because petitioner is no longer "in custody" for the judgment and convictions for which he challenges. Petitioner has filed numerous papers in response to respondent's argument that his habeas petition should be dismissed.

### III.   DISCUSSION

A.  "In Custody"

Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To invoke habeas corpus review under § 2254, the petitioner must be "in custody," and the petition must challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). The custody requirement is determined at the time that petitioner has filed his habeas petition. *See Maleng*, 490 U.S. at 490-91; *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Government of Virgin Islands v. Vanterpool*, 767 F.3d 157, 163-64 (3d Cir. 2014). An individual need not be incarcerated to be considered "in custody." For example, an individual who is on parole is deemed to be "in custody" because of the significant restrictions imposed on his freedom. *See, e.g.*, *Kumarasamy v. Attorney General of United States*, 453 F.3d 169, 172 (3d Cir. 2006).

Petitioner was paroled on March 6, 2008 and his parole supervision concluded on November 7, 2009. (*See* Dkt. No. 6-2 at p.2) Petitioner did not file this federal habeas petition until April, 2016, or more than six years after he was "in custody" on the judgment and convictions for which he challenges in this action. Therefore, this Court lacks jurisdiction over the habeas petition because petitioner was not "in custody" at the time he filed this habeas petition. *See Maleng*, 490 U.S. at 490-92; *Vanterpool*, 767 F.3d at 163 ("The Supreme Court has interpreted the statutory language under § 2254 as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*) (emphasis in original) (citation and internal quotation marks omitted); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed."); *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) ("In making a custody determination, [federal courts look] to the date that the habeas petition was filed.") (quoting *Barry v. Bergen County Probation Dep't*, 128 F.3d 152, 159 (3d Cir. 1997)).

Petitioner argues that he still has collateral consequences flowing from his conviction that he is challenging such as economic and occupational hurdles as a result of his conviction. However,

> [w]hile collateral consequences may avoid mootness of a habeas petition where the petitioner was in custody at the time he filed the petition but released from custody on the challenged conviction after the petition was filed, collateral consequences of the conviction are not sufficient to satisfy the "in custody" requirement where the sentence expired before the filing of the petition. *See Spencer*, 523 U.S. at 7-8; *Maleng*, 490 U.S. at 492; *Obado*, 328 F.3d at 718 n.2.

4

*Lewis v. Attorney Gen. of New Jersey*, No. CV 13-2832, 2016 WL 740258, at *2 (D.N.J. Feb. 24, 2016); *see also Coar v. Coronato*, No. 15-6546, 2015 WL 5334863, at *2 (D.N.J. Sept. 14, 2015). As described above, petitioner was not "in custody" at the time he filed his habeas petition in April, 2016. Therefore, the fact that petitioner may purportedly have collateral consequences from his 2007 criminal judgment and conviction is insufficient to save petitioner's habeas petition from being dismissed in light of the fact that he was not "in custody" at the time he filed this habeas petition.

B.   Motion for Appointment of Counsel

Petitioner has filed a motion for the appointment of counsel. (*See* Dkt. No. 2) Petitioner does not have a right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese,* the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese,* 946 F.2d at 263-64.

The appointment of counsel is not warranted in this case. As described above, petitioner's habeas petition is being dismissed because he was not "in custody" at the time he filed his habeas petition.

C.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003). In this case, a certificate of appealability shall not issue as petitioner was not "in custody" at the time he filed his habeas petition.

## IV.   CONCLUSION

For the foregoing reasons, petitioner's motion for the appointment of counsel is denied and respondent's motion to dismiss the habeas petition is granted. An appropriate order will be entered.


DATED:  October 20, 2016

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
